IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RASHID KAMBAROV,

          Plaintiff,

    v.

QUALITY COUNTS, INC.,

          Defendant.

No. 3:23-cv-01103-YY

OPINION AND ORDER

**BAGGIO, District Judge**:

On August 28, 2023, Plaintiff Rashid Kambarov initiated this action against Defendant Quality Counts, Inc., an Alabama consumer reporting agency, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA") by failing to follow reasonable procedures to ensure that Plaintiff's background report was accurate. Complaint ("Compl.", ECF 1); First Amended Complaint ("FAC", ECF 8) ¶¶ 19-21, 158. Defendant subsequently filed a motion to dismiss for lack of personal jurisdiction. Motion to Dismiss ("Mot.", ECF 34). Following limited jurisdictional discovery, Magistrate Judge You issued her Findings and Recommendations ("F&R", ECF 62), recommending that this Court grant Defendant's motion because Plaintiff failed to establish that Defendant expressly aimed any conduct toward Oregon and, therefore, this district does not have personal jurisdiction. F&R, at 14-15. Plaintiff objected ("Obj.", ECF 64) and Defendant responded

("Resp.", ECF 69). For the reasons explained below, the Court ADOPTS Judge You's F&R and dismisses Plaintiff's claims for lack of jurisdiction.

## I. LEGAL STANDARDS

### A. Findings And Recommendations

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. §§ 636(b)(1)(B), (C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

### B. Motion To Dismiss For Lack Of Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff need only make a prima facie showing of jurisdictional facts when the motion is "based on written materials rather than an evidentiary hearing." *Id.* The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit[,]" *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but factual conflicts between dueling affidavits "must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

## II. DISCUSSION

Judge You finds that Plaintiff failed to establish personal jurisdiction because he did not come forward with facts sufficient to satisfy the "purposeful direction" prong of specific jurisdiction.[1] F&R, at 6-14; *see Impossible Foods*, 80 F.4th at 1086 (specific jurisdiction exists if (1) the defendant "purposefully direct[s] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum;" (2) the plaintiff's claims must "arise[] out of or relate[] to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice . . .") (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017)). "Purposeful direction" is evaluated using the *Calder v. Jones*, 465 U.S. 783 (1984) effects test, which considers (1) whether the defendant committed an intentional act, (2) whether the act was expressly aimed at the forum state, and (3) whether the act caused harm the defendant knew was likely to be suffered in the forum state. *Axiom Foods,* 874 F.3d at 1069. Judge You finds that mere knowledge that Plaintiff is a resident in Oregon, without any evidence that Defendant specifically directed business activities to Oregon, is insufficient to establish the second prong of the *Calder* effects test—that Defendant expressly aimed any conduct toward Oregon. F&R, at 10.

Plaintiff objects to Judge You's F&R on two grounds: (1) Judge You failed to apply *Burri Law PA v. Skurla*, 35 F.4th 1207 (9th Cir. 2022), and (2) Judge You improperly weighed the undisputed facts and drew inferences in Defendant's favor, which, properly considered,

---

[1] Two types of personal jurisdiction exist: general and specific. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023). Judge You correctly notes that there is no general jurisdiction here because it is undisputed that Defendant is both incorporated in and has its principal place of business in Alabama. F&R, at 5; *see Impossible Foods*, 80 F.4th at 1086 (general jurisdiction exists when a defendant is "essentially at home" in the forum state).

demonstrate that Defendant's activities satisfy the stream of commerce plus test. Obj., at 5-6. The Court addresses each of Plaintiff's objections below.

### A. *Burri Law* Does Not Apply

Plaintiff first argues that Judge You failed to apply *Burri Law*, which, properly applied, compels this Court to find that Defendant's act of publishing an inaccurate background report in Oregon satisfies the *Calder* effects test. Obj., at 16. In *Burri Law*, a Florida lawyer filed claims in Arizona against three bishops of the Pittsburgh Byzantine Catholic Church for defamation and tortious interference with contractual relations. 35 F.4th at 1210-11. The lawyer alleged that the bishops called his clients in Arizona to impugn his character and urge them to terminate their retention of him. *Id*. Reversing the district court's dismissal for lack of personal jurisdiction, the Ninth Circuit held that where "a defendant directs communications that are defamatory toward a forum state and seeks to interfere with a forum state contract, the defendant has purposefully directed conduct at the forum state[.]" *Id*. at 1210.

According to Plaintiff, the principles articulated in *Burri Law* readily apply to this case because "the publication of inaccurate consumer reports has effects similar to those that follow from defamation or torts involving the wrongful interference with business relationships." Obj., at 19. As such, Plaintiff argues that Defendant's "publication" of his inaccurate background report to his employer in Oregon, which concerned his Oregon criminal record, interfered with Plaintiff's business relationships in Oregon and, thus, satisfied "express aiming." Obj., at 20. The Court disagrees.

First, Plaintiff provides no facts to suggest that Defendant *intentionally* misrepresented Plaintiff's criminal records or sought to interfere with his employment in Oregon. *See Burri Law*, 35 F.4th at 1215 (finding that the defendant "*intended* to interfere with an Arizona lawsuit and an

Arizona contract.") (emphasis added). Even if Plaintiff could argue that Defendant did intend to interfere with his employment contract, *Burri Law* would still not apply because Elwood Staffing—the company with which Defendant has a business relationship—is based in Indiana, not Oregon. Declaration of Jennifer Deerman ("Deerman Decl.", ECF 35) ¶ 10; *see Kampert v. Raymond James Fin., Inc.*, No. 6:17-CV-01036-JR, 2018 WL 3148248, at *3 (D. Or. Fed. 22, 2018), *report and recommendation personal jurisdiction analysis adopted, rejected in part*, 2018 WL 2063931 (D. Or. May 3, 2018) (finding a Florida defendant's preparation of an allegedly inaccurate background report of an Oregon plaintiff who worked remotely for a Missouri company did not satisfy "express aiming" because the defendant's contacts were with Missouri, not Oregon); *cf. Echols v. SafeRent Sols. LLC*, No. CV-22-00788-PHX-DWL, 2022 WL 4970312, at *9-10 (D. Ariz. Oct. 4, 2022) (finding a Texas defendant's alleged preparation of a false consumer report for an Arizona landlord satisfied "express aiming" for jurisdiction in Arizona, even though the report was compiled in Texas, because defendant had an ongoing business relationship with the Arizona landlords). Accordingly, any "defamatory" statements contained in Plaintiff's background report were "directed toward" Indiana, not Oregon. *Burri*, 35 F.4th at 1210. Because Plaintiff provides no evidence that Defendant intentionally directed defamatory communications about Plaintiff to Oregon, the Court rejects Plaintiff's first objection and finds that *Burri Law* does not apply.

### B. Defendant's Activities Do Not Satisfy the Stream of Commerce Plus Test

Plaintiff next argues that Judge You improperly weighed the undisputed facts in favor of Defendant, which, properly considered, demonstrate that Defendant's activities satisfy the stream of commerce plus test. Obj., at 25. Under the stream of commerce plus test, "[p]lacing a product into the stream of commerce—even if the defendant is aware that the stream of commerce may or

will sweep the product into the forum state—does not convert the [] act . . . into an act of purposeful availment."[2] *LNS Enter. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 860 (9th Cir. 2022) (cleaned up) (quoting *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). "Something more" is required, such as "advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id* at 861 (quoting *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 107 (1987)).

Plaintiff argues that Defendant does "something more" than place its background reports in the national stream of commerce because it informs the subjects of its background reports— which included over 2,000 Oregon residents in 2023—that they can contact Defendant directly with questions regarding their reports; it reaches out to court officials and databases in Oregon to conduct "in house" research; and it has regular clients in Oregon, including five Elwood Staffing offices and "a restaurant." Obj., at 25-27. Defendant responds that any connections it has with Oregon are incidental and insufficient to satisfy the stream of commerce plus test because it does not advertise or solicit business in Oregon, does not have any offices or employees in Oregon, and does not direct or control where or how its reports are used after submission to an online portal. Resp., at 14; *see* Deerman Decl. ¶¶ 3-8.

---

[2] "Purposeful availment" is another way to achieve the first prong of specific jurisdiction. *See Impossible Foods*, 80 F.4th at 1086. Although the "purposeful availment" analysis is distinct from the "purposeful direction" analysis, there is no "rigid dividing line" between the two tests. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020). Both tests "ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).

Even assuming the truth of Plaintiff's uncontradicted allegations and resolving dueling affidavits in Plaintiff's favor, *Schwarzenegger*, 374 F.3d at 800, the Court finds that Defendant's connections to Oregon are mostly facilitated through third parties and, as such, are insufficient to satisfy the stream of commerce plus test. *See LNS Enter.*, 22 F.4th at 863 (finding that a defendant's relationship with a third-party, standing alone, is an insufficient basis for jurisdiction). For example, the only reason Defendant prepared background reports for the 2,200 Oregon residents in 2023 was because a third-party, Elwood Staffing, requested these reports for one of its offices that happened to be in Oregon. *See* Deerman Decl. ¶¶ 3-5, 11. Similarly, according to Defendant's president, it was a third-party researcher, Rapid Court, who reached out to Oregon to access relevant public records for Plaintiff's background check, not Defendant.[3] *Id.* ¶¶ 12-13. Finally, Defendant's "clients" in Oregon are not Oregon companies but, rather, branches of companies that are based in other states. Pl. Supp. Memo., Ex. 1, at 18:11-15. Because Plaintiff failed to demonstrate that Defendant has anything more than a third-party connection to Oregon, the Court finds that Plaintiff cannot satisfy the stream of commerce plus test. *See LNS Enter.*, 22 F.4th at 863. Accordingly, the Court rejects Plaintiff's objection and agrees with Judge You's conclusion that this Court does not have personal jurisdiction over Defendant.

---

[3] The "in house" research Plaintiff refers to includes follow-up research that Defendant conducts when the subjects of its background reports bring to its attention information that may not be correct. Plaintiff's Supplemental Memorandum ("Pl. Supp. Memo.", ECF 60) Ex. 1, at 37:19-22. In this case, Defendant's research included "two phone calls and . . . email exchange" with "Oregon Courts in Multnomah County" after Plaintiff reached out to Defendant regarding his original background report. *Id.* at 77:8-18, 78:4-8. Defendant correctly notes that these communications are unrelated to the conduct giving rise to his claim—that Defendants prepared an inaccurate background report, Resp., at 15—and, regardless, are insufficient to satisfy the stream of commerce plus test. *See, e.g., Axiom Foods*, 874 F.3d at 1071 (sending one newsletter to a maximum of ten recipients located in California is insufficient to establish minimum contacts with California).

### III. CONCLUSION

For the above-mentioned reasons, the Court agrees with Judge You's recommendation and ADOPTS the F&R (ECF 62) in full. Plaintiff's claims against Defendant Quality Counts are dismissed for lack of personal jurisdiction.[4]

IT IS SO ORDERED.

DATED this ___31st___ day of January, 2025.

_Amy M. Baggio_
_____
AMY M. BAGGIO
United States District Judge

---

[4] The Court clarifies that Plaintiff's claims against Defendant Quality Counts are dismissed without prejudice to refiling in another district. *See SD Holdings, LLC v. Aircraft Owners & Pilots Ass'n, Inc.*, No. 3:13-CV-01296-AC, 2014 WL 3667881, at *10 (D. Or. July 22, 2014) (granting Rule 12(b)(2) motion to dismiss for lack of jurisdiction without prejudice to refiling in another district).